UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 07-CV-336-JMH

JUANITA MARIE WHEELER,                                          PLAINTIFF,

VS:                          **MEMORANDUM OPINION AND ORDER**

KENTUCKY STATE POLICE DETECTIVE BRET KIRKLAND
and PARIS POLICE DEPARTMENT,                        DEFENDANTS.

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the parties' several Motions, including two dispositive Motions.

PRELIMINARY MATTERS

On October 4, 2007, Juanita Wheeler initiated the instant proceeding by paying the District Court filing fee for a civil action and filing a *pro se* Complaint, consisting of two handwritten pages. She has identified the Defendants as follows. "Defendant: Kentucky State Police Post #6 Detective Bret Kirkland Bad[g]e/I.D. Number 606," followed by an address in Dry Ridge, Kentucky, in one paragraph; and in a separate paragraph:

        Defendant: Paris Police Department
        City of Paris
        525 High Street
        Paris, Kentucky 40361

Record No. 2 at p. 1.

Plaintiff claimed that on November 12, 2004, these Defendants violated her civil rights when they wrongfully arrested her on a state charge of Trafficking in a Controlled Substance in the Second Degree, denied that she was disabled although she has been disabled

since 1995, and defamed her character in the arrest process and published accounts of it.  Several months later, she was indicted and became the defendant in *Commonwealth v. Wheeler*, Bourbon Circuit Court, Division II, Case Number 05-CR-00056.  Eventually, the charges against her were dismissed with prejudice by an Agreed Order entered in the state court docket on October 17, 2006. Wheeler has demanded substantial damages from the Defendants.

After submitting the instant Complaint, the Plaintiff later filed into the record exhibits intended to support her claims, titling them, "Notices of Additional Documentation" [Record Nos. 4, 7-8, 11].  Pleadings submitted by *pro se* litigants are held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Consistent therewith, the Court has broadly construed Plaintiff's submissions and will permit the later-filed documents as exhibits and/or amendments to her original Complaint.

However, Defendant Kirkland has made a valid Motion with regard to Wheeler's submissions at Docket Entries 4, 7, and 8.  He points out that several of her exhibits contain unredacted social security numbers and dates of birth, and he asks that the Court restrict access thereto in accordance with the Court's Joint General Order No. 04-01.  The Court will grant this Motion.

Each Defendant, by counsel, responded to service of the Summons and Complaint with a Motion to Dismiss.  After the Court informed Wheeler of the need for responding to Motions and granted

2

her extensions of time in which to file any desired Response, she was able to obtain counsel, who moved for and was granted permission to represent her *pro hac vice*. The Court now turns to the Defendants' Motions to Dismiss, to which Wheeler's new counsel has filed Responses.

<u>DEFENDANTS' MOTIONS TO DISMISS</u>

The Paris Police Department, by counsel, first filed a Motion to Dismiss, citing Federal Rule of Civil Procedure 12(b)(6) and contending that Plaintiff Wheeler has failed to state a claim upon which relief may be granted.

This Defendant argues that dismissal is appropriate on several grounds. First, a city police department is not a suable entity under state and federal law, and the Plaintiff has alleged no action by any individual police officer so as to state a claim nor alleged any city custom, policy or practice of the city which would render the city liable.

Another basis for dismissal in the city's Motion is the bar presented by the application of Kentucky's one-year Statute of Limitations. Citing 2007 decisions by the Supreme Courts of the United States and of the Commonwealth of Kentucky, this Movant also argues that to be timely, the arrest claim, under either federal law for wrongful arrest or state law for false arrest, had to occur within one year after the arrest ended, *i.e*, after arraignment and the decision to proceed with a criminal case, which occurred in this case on June 14, 2005.

3

The time for bringing a cause of action for false arrest, therefore, was from June 14, 2005, to June 14, 2006.  The instant filing on October 4, 2007, was more than two years after the arrest and more than a year after the limitations period had expired.  The imitations period for the defamation claim began to run even earlier, on the date of the publications about her arrest, in November of 2004, so the defamation claim became time-barred in November of 2005, almost two years prior to Wheeler's filing this lawsuit.

The City of Paris then focuses on the individual claims.  The city argues that Wheeler has failed to state a claim for unlawful arrest because the record shows that there was probable cause for the arrest, via a warrant; so long as probable cause existed a cause of action for wrongful arrest cannot be had.  Also, since the fact that Plaintiff was arrested on a trafficking charge was true and truth is a total defense to a defamation claim, she has failed to state a claim for defamation.

In the other pending Motion to Dismiss, "Defendant, Kentucky State Police Detective Brett Kirkland" also relies on the Statute of Limitations bar and joins in arguing the Plaintiff has failed to state the necessary elements for a cognizable false arrest or defamation claim.  This Defendant  also posits a defense which is unique from that of the City of Paris.

The Kentucky State Police/Kirland explains that the Kentucky State Police is an arm of the executive branch of the Commonwealth of Kentucky, and is, therefore, protected by sovereign immunity

4

under the Eleventh Amendment of the U.S. Constitution.   As to Detective Kirkland, he is referenced only once in the Complaint and that reference was with his badge number.   Therefore, this Movant contends, if Kirkland is a Defendant at all, he is sued only in his official capacity for performing government functions, and so he, too, shares governmental immunity.   Nor can he be held responsible individually, as there is no allegation specifying that he is sued individually or alleging any illegal acts personally taken by him.

Accordingly, Defendant Kentucky State Police Detective Brett Kirkland joins the Paris Police Department in urging dismissal of the instant Complaint.

<u>Plaintiff's Responses</u>

Plaintiff has now filed Responses [Record Nos. 19-20] to the Motions, by newly obtained counsel.   She emphasizes her *pro se* status to date and the requirement that *pro se* pleadings be liberally construed.

If appropriately construed, Wheeler insists, then she has clearly named 4 defendants, not 2, because she clearly wrote the Kentucky State Police, as well as the detective's name; and a Paris Police Department officer should be construed as a Defendant, because one was clearly involved in the arrest, as evidenced by the Uniform Citation Report and an attached statement of a witness to the arrest who states that two city police officers and one state officer arrested Wheeler.

In like manner, Plaintiff argues that as she was proceeding *pro se*, she was clearly trying to state 4 claims, not 2. In addition to her stated claims of wrongful arrest and defamation, the Court should construe the Complaint herein as also containing the additional claims of false imprisonment and malicious prosecution.

Also, Wheeler addresses the immunity issue raised by the state police, first asking the Court to extend its liberal construction of her allegations so as to construe her claims as being asserted against Kirkland in his individual capacity. She then contends that because the making of the arrest was a ministerial act, under certain decisions of Kentucky courts, a state officer can be held liable in tort for negligence in carrying out the duty.

Plaintiff insists that she has stated cognizable claims. And she contends that the Statute of Limitations had not run on the false arrest or imprisonment claims, as the cases upon which the Defendants rely to claim otherwise were only recently decided, in 2007. Therefore, she had no earlier notice. Her position is that the Statute of Limitations did not begin to run on any of her claims until dismissal of the charge against her on October 17, 2006. Her October 4, 2007, filing of this suit was within one-year of that date period and was, therefore, timely.

Wheeler points to the fact that the dismissal of the charges against her was via an Agreed Order of Dismissal and the fact that the Order provided that the dismissal was "with prejudice." She then suggests that these facts "clearly lead[] to the conclusion

6

that the arrest was without probable cause.  If the arrest was with probable cause, Plaintiff would have plead [sic] guilty to the charges or plead guilty to lesser charges or go to trial, but that did not happen."

Plaintiff concludes with a plea that "she should have her day in court with a jury."

<u>Paris Police Department's Reply</u>

The city Defendant has submitted a Reply.  It repeats the arguments made previously in its Motion to Dismiss, and it notes a few things about Wheeler's Response:  She made no attempt to save her defamation claim from the Statute of Limitations bar and she cites no cases supporting her claim that she should be excused from the meeting one-year Statute of Limitations deadline because the Supreme Court did not address the issue until 2007.  Nor has she connected the publication of anything allegedly defamatory to the Paris Police Department or its any of its officers.

As to any construed malicious prosecution claim, this Defendant sets out the six elements of stating such a claim under Kentucky law and contends that at least two are missing.  Finally, the city contends that Wheeler should not be able to re-litigate the issue of probable cause since the state court found probable cause for the arrest warrant and the grand jury found probable cause to indict.

<u>DISCUSSION</u>

<u>Standards</u>

7

This is clearly a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983.  To establish a right to relief under this statute, the Plaintiff must plead and prove two essential elements.  She must show, first, that she has been deprived of rights secured by the Constitution or laws of the United States and, second, that the Defendants allegedly depriving her of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff originally suggested that her disability status was an issue, complaining that she was falsely reported not to be disabled in court documents.  To the extent that the Court could liberally construe her two pages of allegations initially as making a claim under certain federal laws, perhaps the Americans with Disability Act, it now appears that her claim had sprung from a misunderstanding in reading one or more forms which she has attached to Docket Entry 4.  As one of the Defendants suggests, she has apparently abandoned this claim, its not being mentioned by her or her counsel since then.

Moreover, Wheeler has failed to present any facts or exhibits to support a disability claim.  When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under § 1983.  *O'Hara v.*

8

*Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).  Therefore, to the extent that the *pro se* Plaintiff's allegations and exhibits could be construed as alleging a violation of her federal rights as a disabled person, such has not been supported by any facts, and so this construed claim will be dismissed.

The standard which the Defendants must meet in their Motions is set out in Federal Rule of Civil Procedure 12, which provides that prior to responding to a Complaint, a Defendant may bring a Motion to Dismiss on certain grounds which are listed in the Rule. Subsection (b)(6) permits a Motion to Dismiss for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6). As to appropriate grounds, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a Rule 12(b)(6) Motion, the High Court has directed that well pled allegations must be taken as true and must be construed most favorably toward the non-movant.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is not law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976); *see also Gazette v. City of Pontiac*, 41 F.3d 1061 (6th Cir. 1994) (affirming dismissal of a § 1983 complaint).

Because Fed. R. Civ. P. 9(f) makes allegations of time material, a complaint can be dismissed pursuant to Rule 12(b)(6) if

9

it is barred by the applicable Statute of Limitations. *See Ott v. Midland-Ross Corp.*, 513 F.2d 1367, 1379 (6th Cir. 1975); *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (quoting 5 *WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE*, § 1308, at 395 (West 1990)).

<u>Application of Standards</u>

An insurmountable bar is exactly what is fatal to Plaintiff's case herein.  Simply stated, Wheeler has failed to state a claim upon which relief may be granted, because she has urged claims which are barred by the applicable Statute of Limitations. Moreover, even if the Court found differently regarding the time bar, alternative grounds would mandate granting the Defendants' Motions and dismissing this case.

The Defendants are correct that the state Statute of Limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).  In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140(1)(a).  Additionally, the same one-year limitations period applies to "[a]n action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; [and] . . . [a]n action for libel or slander. . . ." K.R.S. 413.140(1)(c)-(d)

Therefore, because this action arose in Kentucky, the Statute of Limitations which this Court must apply for the civil rights

claims and state torts is one year.  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in K.R.S. 413.140(1)(a)); *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

Most recently, the Supreme Court has had occasion to repeat its *Wilson v. Garcia* holding, that in Section 1983 actions federal law looks to the law of the State for the *length* of the Statute of Limitations, in *Wallace v. Kato*, ____ U.S. ____, 127 S.Ct. 1091 (February 21, 2007).  The Court went on to write, "While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is  *not* resolved by reference to state law," however.  *Id.* at 1094-95 (emphasis of the Court).  Under federal law, accrual occurs when the Plaintiff has a complete and present cause of action.  *Id.* at 1095 (quoting, *inter alia*, *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

To the extent that Wheeler's defamation claim is based on some unstated falsity in the account of her arrest on a trafficking charge in the newspaper or in an article on line, the record supplied by the Plaintiff herself shows that these publications occurred shortly after her arrest, later in November of 2004.  She could have filed suit then.  Hence, the 1-year Statute clearly began to run at that time and it expired in November of 2005.  As

11

the docket shows, Juanita Wheeler filed the instant lawsuit on October 4, 2007, almost 3 years after the publications occurred and two years after limitations statute had run.

With regard to the false arrest claim, in the 2007 *Wallace* opinion, the Supreme Court addressed whether a cause of action for an unlawful arrest accrued at the time of the arrest or a later time, as the Section 1983 Plaintiff insisted.  In that case, the High Court was presented with a Plaintiff whose criminal charges were dismissed 8 years after his purported wrongful arrest. Referring to false arrest and false imprisonment "together as false imprisonment," the Court first noted the general rule that the limitations period begins to run for false imprisonment when the false imprisonment ends.  "Thus, to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end."  127 S.Ct. at 1096.  The Court held as follows:

> . . . [a] false imprisonment ends [and the limitations period begins to run] once the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges. . . .  Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.

*Id.* (the Supreme Court quoting from W.Keeton, D. Dobbs, R.Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 119, at 888 (5th ed. 1984)).[1]

---

[1] The *Wallace* Court quoted the same source for the following proposition, "If there is a false arrest claim, damages for that claim cover the time of detention up to the issuance of process or arraignment, but not more.  From that

However, the facts therein varied in significant ways from the very different facts presented herein.  Wallace's 1994 arrest had been warrantless; he had subsequently been convicted; his conviction was set aside and a new trial ordered by the appellate court in 2001; and the prosecutors dropped the charges on April 10, 2002.  On April 2, 2003, the Plaintiff brought his Section 1983 action, naming as Defendants persons who had arrested the Plaintiff and different persons who had prosecuted him.  Thus, it was necessary for the Court to determine when the false arrest ended and the malicious prosecution claim began.

In the instant case, the Plaintiff's arrest was pursuant to a duly obtained arrest warrant, for which the court found probable cause; and he had been indicted and arraigned six months later, again according to legal process.  This Court finds that *Wallace* simply does not give the aid that Wheeler suggests.  She was at all times under legal process, which requires probable cause; and the state court authorities specifically found probable cause to arrest her.  At best, the application of *Wallace* to mark the ending of Wheeler's false arrest and beginning of the malicious prosecution claim, would mean that the one-year time period for filing suit on the arrest began not at the arrest, but six months later, at her arraignment in June of 2005.  Even under that scenario, however, the limitations period had already run its 1-year course by June of

---

point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than the wrongful use of judicial process rather than detention itself." 127 S.Ct. 1096.

2006.  Plaintiff's filing of the arrest claim herein, on October 4, 2007, was still clearly time-barred.

The Court concludes that, like the defamation claim, the false arrest/imprisonment claim is time barred, and so dismissal is warranted under Rule 12(b)(6).  In a similar false arrest case, back in 1981, the District Court dismissed false arrest and false imprisonment claims upon a Motion to Dismiss, finding them not only barred by the Statute of Limitations, but also lacking in facts sufficient to indicate that a deprivation of a constitutional right occurred, *i.e.*, insufficient to state a claim.  *Sell v. Price*, 527 F.Supp. 114, 116 (S.D. Ohio 1981).  This Court finds both grounds warrant dismissal of the instant Plaintiff's false arrest claim. *See also*  *O'Hara v. Wigginton*, *supra,* 24 F.3d at 826.

The Court's consideration of this case will not end here, however.  Its consideration includes Plaintiff's suggestion, by counsel, to construe the *pro se* pleadings herein so liberally as to contain additional claims.  To the extent that the Court chooses to do so and construes her pleadings to contain poorly stated assertions amounting to a separate state tort, *i.e.*, unlawful or false imprisonment, the Court agrees with the Defendants and *Wallace*, that such a false imprisonment claim would also be time-barred.  Thus, as to any such separate claim, it, too, will be dismissed.

However, to the extent that the Plaintiff's allegations can be construed to contain a fourth claim, for malicious prosecution, the matter is not so easily decided.  *Wallace* and the application of

14

*Wallace* by the Supreme Court of Kentucky in *Dunn v. Felty*, 226 W.W.3d 68 (Ky. June 21, 2007) indicate that the *Wallace* holding does not change the law as to malicious prosecution claims.

In *Wallace,* the High Court admitted that it had "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983, see *Albight v. Oliver*, 510 U.S. 266 . . . (1994) (plurality opinion), and we do not do so here." 127 S.Ct. at 1096, n. 2. The Court did, however, hark back to its *Heck v. Humphrey*, 512 U.S. 477 (1994), analogy of the Section 1983 action therein to a malicious prosecution suit, and affirmed the continuing vitality of the favorable termination rule in both. *Id.* at 1097. The law is that a malicious prosecution claim accrues upon a favorable termination of the criminal proceedings. *Dunn*, 226 S.W.3d at 72.

In the instant case, the prosecution of Wheeler terminated on October 17, 2006. Since her current suit was filed within the following year, on October 4, 2007, then, to the extent the Court construes the Complaint as containing a malicious prosecution claim, the filing was timely. Therefore, unlike the Plaintiff's other claims herein, the malicious prosecution claim will not be dismissed on Statute of Limitations grounds.

Unfortunately for the Plaintiff, however, she has failed to state a cognizable malicious prosecution claim. Wheeler's sole allegations are that the "defendants came to my home arrested me 11-12-04 took me to Jail and charged me with Trafficking a Controlled Substance 2nd . . . on October 17, 2006 Commonwealth of Kentucky v. Juanita Wheeler Agreed Order of Dismissal . . . with

15

prejudice." Record No. 2. In a later construed Motion, she has written, "I know when I have done nothing wrong and I know when I have been treated unjustly and unfairly . . . ." Record No. 17. Even after she had obtained counsel and was faced with the Defendants' Motions to Dismiss, she presented nothing to show who did what when or why, *i.e.,* with what malicious motive.

In the time since *Wallace*, another District Court has been faced with a similarly poorly stated series of claims including false arrest and imprisonment, assault and battery, and malicious prosecution claims. In *Fox v. DeSoto,* 489 F.3d 227 (6th Cir. 2007), the Sixth Circuit began its review as follows, "The controversy in this case concerns when the claims accrued – except, *of course*, for the malicious prosecution claim which did not accrue until plaintiff was acquitted." 489 F.3d at 233 (emphasis added). As to the malicious prosecution claim, the Sixth Circuit, affirming the District Court's disposition, wrote as follows:

> Although not entirely clear from the complaint, plaintiff seems to be asserting a claim for malicious prosecution under both state law and § 1983. The district court granted summary judgment to [Defendant] on the claim for malicious prosecution, albeit without specifying whether the claim was brought under state or federal law. Nonetheless, we agree that, however pleaded, plaintiff cannot prevail on a claim for malicious prosecution against [Defendant].
>
> This court has recognized a § 1983 claim for malicious prosecution arising under the Fourth Amendment, but the contours of such a claim remain uncertain. *Wallace,* 127 S.Ct. at 1096, n. 2; *McKinley v. City of Mansfield,* 404 F.3d 418, 444-45 (6th Cir.2005), *cert. denied,* 546 U.S. 1090 . . . (2006); *Darrah v. City of Oak Park,* 255 F.3d 301, 308-12 (6th Cir.2001). What is certain, however, is that such a claim fails when there was probable cause to prosecute, or when the defendant

> did not make, influence, or participate in the decision
> to prosecute. [citations omitted] [T]o establish the
> tort claim of malicious prosecution under Kentucky law,
> a plaintiff must demonstrate (1) the institution or
> continuation of judicial proceedings, (2) *by or at the
> instance of the defendant,* (3) the termination of such
> proceedings in the plaintiff's favor, (4) malice in the
> institution of the proceedings, (5) *the absence or lack
> of probable cause for the proceeding,* and (6) that
> damages resulted. *Raine v. Drasin,* 621 S.W.2d 895, 899 (Ky.1981).
>
> In this case, there is no evidence indicating what
> role, if any, [the Defendant] played in instituting the
> criminal proceedings against [Plaintiff]. [Defendant]
> was, however, personally involved in the determination
> that there was probable cause to arrest [Plaintiff] . .
> . . Even if [Plaintiff] could show that [Defendant] made,
> influenced, or participated in the decision to prosecute
> him, [Plaintiff] cannot prevail on the claim for
> malicious prosecution under either federal or state law.
> That is, for the reasons discussed above, we agree with
> the district court that [Plaintiff] cannot demonstrate an
> absence or lack of probable cause for the criminal
> proceedings. Accordingly, we affirm the grant of summary
> judgment to [Defendant] on plaintiff's claim for
> malicious prosecution whether asserted under state or
> federal law.

*Fox v. DeSoto,* 489 F.3d at 237-38 (emphasis of the Court). In

short, the law is well known that "where there is probable cause to

prosecute, a § 1983 action for malicious prosecution will not lie."

*Jolley v. Harvell*, 2007 WL 3390935, *6 (6th Cir. 2007) (slip op.)

(quoting *McKinley v. City of Mansfield*, 404 F.3d 418, 444-45 (6th

Cir. 2005) (discussing cases)).

Although the *Fox* case was decided upon a Motion for Summary

Judgment, the same could be written of Plaintiff Wheeler and

Defendant Kirkland in the Motion to Dismiss of the Kentucky State

Police Detective Brett Kirkland. The Plaintiff has not even

alleged any defect in the probable cause or warrant or indictment

or subsequent prosecution; nor has she suggested an improper motive

or any improper acts on the part of any of the named or construed Defendants in the criminal proceedings against her. To the contrary, the exhibits she offers show findings of probable cause by the court and the grand jury. Therefore, she has failed to state a malicious prosecution claim.

These failings in the Complaint and in subsequent submissions do not just fall short of making all of the malicious prosecution allegations, they fall too far short to comport with basic principles of fairness. The pleadings in this case have not set forth the factual basis of the claim in a manner that gives the Defendants proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). No state detective or city police officer is accused of specific acts so as to defend himself.

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). For all of these reasons, the Court finds that the Plaintiff herein has failed to state a malicious prosecution claim.

Finally, there is the matter of whether the Defendant organizations can be held liable for the damages which Wheeler seeks. The City of Paris is correct that a Kentucky City Police Department is not a suable entity and there are no allegations

herein of a Paris police officer's committing any acts (except being physically present at the arrest) so as to make an individual liable. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994) (police departments are not legal entities which may be sued); *Fitten v. Chattanooga Police Dept.*, 2008 WL 161003, *3 (E.D.Tenn. 2000) (slip op.).

Nor can the City of Paris be held liable based on the decision of a lower level official (such as a police officer). *City of Oklahoma City v. Tuttle*, 473 U.S. 925 (1985). A municipality or an agent of a municipality cannot be held liable under § 1983 on a *respondeat superior* theory, and the Plaintiff has not alleged or demonstrated any practice or custom on the part of the City which puts it at fault for the alleged injuries. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).

As to the Defendant identified by the Plaintiff as Kentucky State Police Detective Bret Kirkland, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI. The Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

The Supreme Court has also decided that neither a state nor its agencies are "persons" susceptible to being sued under § 1983.

*Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). It uncontroverted that the Kentucky State Police is an agency of the Commonwealth of Kentucky. Therefore, it enjoys Eleventh Amendment immunity and the claims against it must be dismissed.

The Eleventh Amendment also bars claims against state officials in their official capacities for damages. *See Hafer v. Melo*, 112 S. Ct. 358, 365 (1991); *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). Further, any claim against Kirkland individually cannot proceed on the insufficient pleadings submitted by the Plaintiff. *Wells v. Brown*, 891 F.2d at 594.

<u>CONCLUSION</u>

The Court finds that the flaws in Plaintiff Wheeler's case require that this action be dismissed for her failure to state a claim upon which relief may be granted. Accordingly, the Court being advised, it is hereby **ORDERED** as follows:

(1) The Motion to Dismiss of Defendant Paris Police Department [Record No. 9] is **GRANTED**.

(2) The Motion to Dismiss of Defendant Kentucky State Police Detective Brett Kirkland [Record No. 12] is **GRANTED**.

(3) The Motion to Restrict Case by Defendant Kentucky State Police Detective Brett Kirkland [Record No. 15] is **GRANTED**, and the Clerk of the Court is directed to place Docket Entries 4, 7, and 8 under **SEAL**.

(4) This action is **DISMISSED**, and judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 13th day of February, 2008.



Signed By:

***Joseph M. Hood***

**Senior U.S. District Judge**